**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 26 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSE GUADALUPE ROSAS-ROSAS,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 23-1840

Agency No.
A208-586-937

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 22, 2024[**]
Portland, Oregon

Before: WALLACH[***], CHRISTEN, and HURWITZ, Circuit Judges.

Jose Guadalupe Rosas-Rosas, a native and citizen of Mexico, petitions for

review of a decision of the Board of Immigration Appeals dismissing an appeal from

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Evan J. Wallach, United States Senior Circuit Judge for the Federal Circuit, sitting by designation.

an order of an Immigration Judge ("IJ") denying asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Exercising jurisdiction under 8 U.S.C. § 1252, we deny the petition.

1.    Substantial evidence supports the denial of asylum and withholding based on Rosas's failure to demonstrate a nexus between membership in a particular social group ("PSG") and any past or feared future harm. Rosas asserted membership in a PSG of "Mexican young men who have resisted cartel gang recruitment, with parents who refuse to pay for their protection," but conceded that his father paid the cartel twice. Moreover, the agency reasonably concluded "that a person who resists gang recruitment is not a member of a cognizable particular social group." *See Ramos-Lopez v. Holder*, 563 F.3d 855, 860–62 (9th Cir. 2009) (rejecting similar PSG), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1093 (9th Cir. 2013) (en banc).

2.    Substantial evidence also supports the denial of CAT relief. An applicant seeking CAT relief must demonstrate "that it is more likely than not that he or she would be tortured if removed," 8 C.F.R. § 1208.16(c)(2), "by, or at the instigation of, or with the consent or acquiescence of, a public official . . . or other person acting in an official capacity," *id*. § 1208.18(a)(1). Substantial record evidence supports the IJ's determination—rendered after considering all record evidence, including expert testimony—that "the government of Mexico continues to

fight against cartels" and would not acquiesce to torture. *See Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016) ("[G]eneral ineffectiveness on the government's part to investigate and prevent crime will not suffice to show acquiescence.").

**PETITION FOR REVIEW DENIED.**